THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HENRY A. SHERRY, Appellant.

Court of Special Sessions of City of New York, Appellate Part, First Department, June 12, 1945.

*Sol H. Eisler* for appellant.

*Ignatius M. Wilkinson, Corporation Counsel (James Hall Prothero* and *Fred Iscol* of counsel), for respondent.

BAYES, Ch. J.   Appeal by defendant from judgment of the City Magistrate's Court, Municipal Term District, Manhattan, rendered February 21, 1945, convicting him of a violation of section B26–20.0 of article 3 of the Administrative Code of the City of New York (L. 1937, ch. 929, as added by Local Laws, 1940, No. 9).

The complaint, verified January 10, 1945, by an Inspector of the Department of Housing and Buildings of the City of New York, alleged: '' That on December 15, 1944 in the County of New York, City of New York, the defendant Henry A. Sherry did unlawfully maintain rigging equipment on the premises 955 Park Avenue without first having obtained a license for the use and operation of same.   In violation of Chapter ... Section B26–30.0 (B26–20.0) of the Administrative Code of the City of New York.''

Upon conviction sentence was suspended.   In an opinion the magistrate stated he considered defendant was entitled to judgment of acquittal, but by reason of the decision of this court (*People* v. *Olsen,* 32 N. Y. S. 2d 63) holding otherwise, he felt constrained to find defendant guilty as charged.

The case was tried upon an agreed statement of facts as follows:

'' 1. That on December 15, 1944, in the County of New York, City and State of New York, the defendant, Henry A. Sherry, maintained rigging equipment on the outside of the building number 955 Park Avenue for the purpose of hoisting and lowering into position steel beams to be used in the alteration of the said building by constructing an additional story known as a penthouse on the existing 13-story building.

'' 2. That the material hoisted was not a boiler or a tank.

'' 3. That the defendant is in the steel business and a member of the firm of Sherry and Gordon.

'' 4. That the defendant is not engaged in the hoisting or rigging business.

'' 5. That a building or alteration permit had been issued for the erection of the additional story, the penthouse.

" 6. That no rigger's license had been obtained by the defendant for the hoisting of the steel beams on the outside of the building."

The material portions of chapter 26 of article 3 of title B are as follows:

" B26–20.0 *License required.* It shall be unlawful for any person to hoist or lower any article on the outside of any building or structure without a license therefor.

" B26–32.0 *Violations.* Any person operating, maintaining or using any rigging equipment or causing same to be operated in violation of the provisions of this article or who holds himself out to the public as a rigger, by the use of the word ' rigger ' or ' hoister ' or any word of similar import, or by means of sign cards or stationery or in any other manner whatsoever, unless duly licensed as provided by this article, upon conviction thereof, shall be punished by a fine of not more than two hundred fifty dollars or by imprisonment not exceeding thirty days or by both.

" B26–33.0 *Exemptions.* The provisions of this article shall not apply to the hoisting or lowering of any building materials, other than boilers and tanks, used in the course of the construction of any building or structure."

At the outset it may be noted that defendant expressly stipulated he " maintained rigging equipment   *   *   *   for the purpose of hoisting and lowering   *   *   *   steel beams " on the outside of building numbered 955 Park Avenue, without having obtained a rigger's license.   This is condemned as unlawful by section B26–20.0 and is punishable as provided by section B26–32.0.

Defendant-appellant contends, however, that the steel beams hoisted and lowered into position for use in the alteration of the thirteen-story building, 955 Park Avenue, by the construction of an additional story known as a penthouse, were " building materials, other than boilers and tanks, used in the course of the construction of   *   *   *   [a] building or structure " and hence within the exemption contained in section B26–33.0.

This calls for a construction of section B26–33.0.   The question is, what is meant by the words " used in the course of the construction of any building or structure "?   This court had under consideration the same section in *People* v. *Olsen* (32 N. Y. S. 2d 63) wherein the defendant was engaged in converting a single-family five-story dwelling into a ten-family dwelling.   At the time of his arrest the defendant was hoisting sand by means of a block and pulley suspended from the roof of a building.   The defendant contended that the sand was being hoisted " in the

course of the construction '' of a building and hence exempt under section B26–33.0. We held, however, that the operation merely amounted to an alteration and hence was not included in the exemption contained in section B26–33.0 which is limited to the '' construction of any building or structure '' that did not theretofore exist rather than to the conversion or improvement of something already in existence.

We are of the opinion that the instant case is distinguishable on the facts from the *Olsen* case (*supra*). Here we are dealing with the construction of a new structure, viz., a penthouse to be erected as an additional story to an existing building. It is, as it seems to us, the type of construction that comes squarely within the exemption contained in section B26–33.0. (See section C26–113.0 which defines the term '' penthouse '' as meaning '' any closed roof *structure* '' [italics supplied]; also section C26–147.0 which defines the term '' structure '' to mean '' a building or construction of any kind.'')

Wherever material is to be raised or lowered in connection with the construction of buildings we assume the prime consideration is the safety of the public and workmen, irrespective of whether the raising and lowering of materials is to be done by the contractor or by licensed riggers and hoisters. In this connection we note that section C26–557.0 of the Administrative Code requires the erection of sidewalk sheds whenever a structure is to be constructed forty feet above the curb.

We note that the magistrate in setting forth the language of section B26–32.0 of the Administrative Code inadvertently substituted the word '' and '' for '' or ''. As actually written the section provides that '' Any person operating * * * rigging equipment * * * *or* who holds himself out * * * as a rigger,'' unless duly licensed, shall upon conviction be punished as therein provided. (Italics supplied.)

Holding as we do that the instant case is distinguishable from the *Olsen* case (*supra*), we are of the opinion that the judgment herein should be reversed and the complaint dismissed.